IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEYLIN YAKELIN BANEGAS-AMADOR, | § | |
| A Number: 220-307-034, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| | § | |
| V. | § | CIVIL CASE NO. SA-26-CV-3394-FB |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner  Keylin Yakelin Banegas Amador's ("Petitioner") Petition for

Writ of Habeas Corpus ("Petition") (ECF No. 1) and the Federal Respondents' ("Respondents")

Response (ECF No. 3).  The relevant facts are undisputed and the Court grants relief without a hearing.

*See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

## BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes

City, Texas, located in the Western District of Texas.  Petitioner entered the United States in 2021, and

upon entry Immigration and Customs Enforcement ("ICE") apprehended and released Petitioner.  ICE

detained Petitioner again on May 5, 2026.  Petitioner argues Petitioner's detention is unlawful and asks

the Court to order Petitioner's release or a bond hearing.

## DISCUSSION

Respondents acknowledge prior rulings concerning similar challenges to the government policy

or practice at issue in this case, and the common question of law between this case and those rulings,

would control the result in this case should this Court follow its legal reasoning in its prior decisions.

While Respondents disagree with those decisions, they acknowledge the factual and legal issues presented in this case do not differ in any material fashion from those presented in certain identified decisions.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Mendoza v. Noem*, Case No. 5:26-CV0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Acero v. Thompson*; Case No. 5:26-CV-0673 JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Keylin Yakelin Banegas Amador from custody, under reasonable conditions of supervision, to a public place no later than **June 10, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **June 11, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 5th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE